UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LANDMARK AMERICAN INSURANCE COMPANY
a foreign corporation,

    Plaintiff,

vs.     Case No. 2:08-cv-875-FtM-29DNF

RELI TITLE, INC. a foreign corporation, EVERETT VAN HOESEN and ALICE VAN HOESEN,

    Defendants.
_____

**OPINION AND ORDER**

    This matter comes before the Court on defendant Reli Title's Motion to Dismiss Plaintiff's Amended Complaint (Doc. #18) filed on May 4, 2009. Alternatively, Reli Title seeks to stay this litigation pending final resolution of the pending state court action. Plaintiff, Landmark American Insurance Company, filed a Response in Opposition to Motion to Dismiss (Doc. #23) on June 1, 2009. On June 11, 2009, defendants Everett Van Hoesen and Alice Van Hoesen filed a Motion to Dismiss (Doc. #25) which simply adopts co-defendant Reli Title's arguments. For the reasons set forth below, defendants' Motions to dismiss, or stay, are **DENIED.**

**I.**

    Plaintiff Landmark American Insurance Co. ("Landmark Insurance") issued a Professional Liability Insurance policy to Reli Title, Inc. ("Reli Title"). The policy excludes "dishonest, fraudulent, criminal or *intentional* acts, errors or omissions

committed by or at the direction of the Insured." (Doc. #17-3, p. 5)(emphasis added). Reli Title is currently a defendant in a pending state case styled <u>Everett H. and Alice L. Van Hoesen v. Your Place, LLC a/k/a/ YP, LLC, Eric H. Mumin, and Reli Title, Inc.</u>, Case No. 06-2234-CA-LDM (the "<u>Van Hoesen</u> action"). The <u>Van Hoesen</u> action sets forth claims against Reli Title for a declaratory judgment as to entitlement of possession and ownership of a certain real estate deposit, fraudulent misrepresentation, and negligent misrepresentation. Landmark Insurance is defending Reli Title in the <u>Van Hoesen</u> action with a full reservation of rights.

**II.**

In its Amended Complaint (Doc. #17), Landmark Insurance seeks declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.* The Declaratory Judgment Act states in relevant part:

> (a) In a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking declaration, whether or not future relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a). Landmark Insurance seeks a declaration that (1) no coverage exists under Landmark's Professional Liability Policy for claims asserted against Reli Title in the <u>Van Hoesen</u> action, and (2) that Landmark Insurance has no duty to defend or indemnify Reli Title in that action. (Doc. #17.)

Reli Title and the Van Hoesens seek to dismiss on the grounds that (1) the Court should abstain in light of the pending state court action and (2) Landmark Insurance is collaterally estopped from requesting declaratory judgment by a prior partial grant for summary judgment in the state court proceeding. (Doc. #18.) The Court finds neither argument persuasive.

**A.**

Under the Declaratory Judgment Act this Court has discretion to rule on an actual controversy but is "under no compulsion to exercise . . . jurisdiction." Brillhart v. Excess Ins. Co., 316 U.S. 491, 494 (1942). The Court has "unique and substantial discretion in deciding whether to declare the rights of litigants," as the Act "confers a discretion on the courts rather than an absolute right on the litigants." Wilton v. Seven Falls Co., 515 U.S. 277, 286-87 (1995). The district court may examine the "scope of the state court proceeding and the nature of defenses open there" to determine if the controversy may be better resolved in the underlying state court action. Brillhart, 316 U.S. at 495. Where a suit pending in state court presents the *same* issues, not governed by federal law, between the *same* parties, the Eleventh Circuit has identified a number of factors to be considered. Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328, 1331 (2005).

The Van Hoesen action does not involve the same parties or issues as this federal litigation. Although Reli and the Van

Hoesens are both parties in the state action, Landmark was blocked from joining the state action by a non-joinder statute. (Doc. #23, p. 5.) The state court will not be called upon to decide either of the two questions posed by Landmark Insurance in this case. Where parties or issues differ from the state court action, the federal court should not necessarily decline to exercise jurisdiction where an insurer seeks a declaration of rights. See, e.g., Northern Ins. Co. Of New York v. David Nelson Const. Co., 41 F. Supp. 2d 1332 (M.D. Fla. 1999); Coregis Ins. Co. v. McCullom, 955 F. Supp. 120 (M.D. Fla. 1997). Because the underlying state court action does not involve the same parties or present the same issues, the Court will exercise its discretion and allow Landmark Insurance's claim to proceed in this separate federal declaratory action.

Collateral estoppel is a complete defense to the re-litigation of an issue when there is an identity of parties or their privies, an identity of issues, and an actual litigation thereof in the underlying suit. Southeastern Fidelity Ins. Co. v. Rice, 515 So. 2d 240, 242 (Fla. 4th DCA 1987). Landmark Insurance correctly contends that collateral estoppel is not a defense where the insurer's interests are antagonistic to the interests of the insured. State Farm Mutual Automobile Ins. Co. v. Brown, 767 F. Supp. 1151 (S.D. Fla. 1991).[1]

---

[1] In State Farm, the Florida state court granted partial summary judgment, finding that Brown was negligent in discharging a weapon and injuring the plaintiff. State Farm, 767 F. Supp. at
(continued...)

Reli Title's best chance of being covered is to argue negligence, and the Van Hoesens support Reli's negligence theory because Landmark would automatically be liable if the Court finds in favor of Reli. See Allstate Ins. Co. v. Conde, 595 So.2d 1005, 1008 (Fla. 5th DCA 1992). In contrast, Landmark Insurance wishes to show Reli Title acted intentionally to avoid covering the judgment under the Professional Liability Policy exclusions. The antagonistic interests are obvious. Therefore, Landmark Insurance is not estopped from seeking declaratory judgment in federal court.

Accordingly, it is now

**ORDERED:**

1. Reli's Motion to Dismiss Plaintiff's Amended Complaint (Doc. #18), and the alternative request for a stay, is **DENIED**.

---

[1](...continued)
1152. Brown's insurer, State Farm, then filed a request for declaratory judgment in federal court, arguing that the discharge of the weapon was intentional. Id. The court noted that "collateral estoppel would *seemingly* apply, as Florida courts routinely hold that collateral estoppel is a complete defense to the relitigation of a factual issue and that the [state court's determination] is binding on an insurance company in subsequent litigation, because an insurance company is in privity with its insured." State Farm, 767 F. Supp. at 1154 (emphasis added). An exception to privity exists where "the interests of an insured and insurer are antagonistic towards each other in the initial tort adjudication." Id. at 1154-55. The court in State Farm explained that Brown's best chance of triggering coverage was to argue negligence, and State Farm sought to show Brown acted intentionally to avoid covering Brown's judgment. Id. at 1155.

2. Defendants Everett Van Hoesen and Alice Van Hoesen's Motion to Dismiss (Doc. #25), and the alternative request for a stay, is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___2nd___ day of October, 2009.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record